IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DR. ROGER LEE MILES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-191 |
| | ) | |
| JUDGE HAROLD A. HINESLEY and | ) | |
| SENIOR JUDGE ROBERT W. ADAMSON, | ) | |
| McDuffie County Superior Court and | ) | |
| in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, an inmate at Wheeler Correctional Facility, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred in McDuffie County, Georgia.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I.     BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II.   DISCUSSION

### A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least four cases that were dismissed and count as strikes: (1) Miles v. Sikes, Civ. Act. No. 6:99-CV-102, doc. nos. 7, 10 (S.D. Ga. Aug. 20, 1999) (dismissed for failure to state a claim); (2) Miles v. Sikes, Civ. Act. No. 6:99-CV-105, doc. nos. 5, 8 (S.D. Ga. Aug. 16, 1999) (dismissed for failure to state a claim); (3) Miles v. Sikes, Civ. Act. No. 6:99-CV-008, doc. nos. 6, 8 (S.D. Ga. Mar. 26, 1999) (dismissed for failure to state a claim); and (4) Miles v. Sikes, Case No. 1:98-CV-1573, doc. no. 5 (N.D. Ga. Jan. 6, 1999) (dismissed as frivolous). United States District Court Judge Leslie J. Adams reminded Plaintiff of these cases when dismissing a 2015 case filed in the Middle District of Georgia because Plaintiff had accumulated three

strikes.  See Miles v. Sales, Case No. 5:15-CV-00126, doc. no. 5 (M.D. Ga. Apr. 24, 2015).

Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate

he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  See

Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

**B.      Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in

imminent danger at the time he files suit in district court, not at the time of the alleged

incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193

(11th Cir. 1999).  General or conclusory allegations are "insufficient to invoke the exception

to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a

pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton

v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (citing

Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

Plaintiff's current complaint alleges two McDuffie County Superior Court judges

made improper decisions in 2010 and 2014 a civil case.  (See doc. no. 1, pp. 4-5, 13-20.)

Judicial decisions about civil matters made 2010 and 2014 do not show Plaintiff faced

ongoing or imminent danger of serious physical injury when he filed his current complaint in

2023.  Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing

fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

**C.      The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

The form on which Plaintiff submitted his claims requires that prisoner plaintiffs

disclose whether they have had a case dismissed based on the "three strikes rule" and

whether they have filed other lawsuits in state or federal court related to conditions of

imprisonment. (Doc. no. 1, pp. 8-10.) The prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the disposition of the case(s). (Id. at 8, 10.)

Here, Plaintiff attested he had not had a case dismissed under the "three strikes rule," and he identified only one state court case related to his conditions of imprisonment. (Id. at 8, 10.) However, as set forth above, Plaintiff has filed multiple federal cases about his conditions of imprisonment and had a case in the Middle District dismissed in 2015 based on the "three strikes rule."

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (per curiam) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (per

*curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.   The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).   Here, as described in detail above, Plaintiff failed to truthfully disclose his prior filing history and provided blatantly dishonest answers to the questions on the complaint form.   Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for abusing the judicial process.[1]

---

[1] That Plaintiff may be unable to pursue his claims in the complaint should he choose to attempt to refile his case is not a direct consequence of the dismissal for lying, because the claims appear to have been time barred by the two-year statute of limitations applicable in

## III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 20th day of December, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Georgia even when he filed the instant case.  See Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (per curiam); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  In any event, he is not entitled to proceed IFP in this case because of his status as a three-striker and would have to re-file a new case with the full filing fee, regardless of the alternative recommendation for dismissal based on lying in the complaint.