IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DR. ROGER LEE MILES, JR., | * | |
| Plaintiff, | * | |
| v. | * | CV 123-191 |
| JUDGE HAROLD A. HINESLEY and SENIOR JUDGE ROBERT W. ADAMSON, McDuffie County Superior Court and in their official capacities, | * | |
| Defendants. | * | |

O R D E R

Before the Court is Plaintiff's motion for reconsideration of this Court's February 26, 2024 Order dismissing his case without prejudice (Doc. 11). (Doc. 14.) For the following reasons, Plaintiff's motion for reconsideration is **DENIED**.

I. BACKGROUND

Plaintiff, an inmate at Wheeler Correctional Facility, filed this action on December 19, 2023, alleging various claims under 42 U.S.C. § 1983. (Doc. 1.) He also filed a contemporaneous motion to proceed *in forma pauperis* ("IFP"). (Doc. 2.) On December 20, 2023, the Magistrate Judge issued an R&R recommending Plaintiff's request to proceed IFP be denied and that this case be

dismissed without prejudice. (Doc. 4, at 1.) Regarding Plaintiff's IFP petition, the R&R found that because Plaintiff already had at least three strikes under 28 U.S.C. § 1915(g), he could only proceed IFP by showing he faced "imminent danger of serious physical injury." (Id. at 2-3.) The R&R found Plaintiff did not make such showing. (Id.) Additionally, the R&R recommended dismissal of Plaintiff's case because Plaintiff failed to truthfully disclose his prior filing history. (Id. at 3-5.) After considering Plaintiff's objections (Doc. 10), this Court adopted the R&R and dismissed the case without prejudice on February 26, 2024 (Doc. 11). Plaintiff filed the instant motion, titled "Motion for Reconsideration," on March 12, 2024. (Doc. 14.)

## II. STATEMENT OF LAW

Plaintiff does not appear to cite any relevant legal authority under which he brings his motion for reconsideration. (See Doc. 14.) However, a court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59(e) or 60. Brown v. Synovus Fin. Corp., 783 Fed. App'x 923, 931 (11th Cir. 2019) (citation omitted). "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while "Rule 60 applies to motions for reconsideration of matters collateral to the merits." Id.

(citation omitted). Here, the Court dismissed Plaintiff's case not on the merits, but as a sanction for Plaintiff's lack of candor to the Court. (Doc. 4, at 5.) Therefore, the Court will consider Plaintiff's motion under Rule 60.

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (internal quotation marks omitted) (citing FED. R. CIV. P. 60(b)(1)-(6)). To prevail under the "catch-all" provision of Rule 60(b)(6), the moving party "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (citations and internal quotation marks omitted). A party seeking reversal under Rule 60(b) "must demonstrate a justification so compelling that the [district] court [is] required to vacate its order." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (first alteration in original) (citation omitted).

3

### III. DISCU0SSION

In the instant motion, Plaintiff asks the Court to reconsider its dismissal because: (1) at over sixty years old, he is "within a [h]igh [r]isk [g]roup healthwise for the onset of many health complications"; (2) he currently receives medical care for near-sightedness and high blood pressure, both of which "usually [i]mminently do lead to even greater health risks"; (3) he was not sentenced within the statutory guidelines during his 1991 sentencing; and (4) various acts of judicial misconduct continue to place him at risk. (Doc. 14, at 1-2.) Plaintiff argues all of these factors place him, his "cause of action," and "the family, friends, love[d] ones and affiliates and associates alike" in imminent danger, such that the Court should permit him to enter further pleadings in this case.[1] (Id.)

Plaintiff does not argue relief is warranted under any provisions in Rule 60(b)(1)-(5). Even when considered under the catch-all provision of Rule 60(b)(6), Plaintiff's motion fails to establish the requisite extraordinary circumstances. Plaintiff

---

[1] Plaintiff's references to "[i]mminent danger" indicate he may be asking this Court to reconsider its finding that he was not subject to the imminent danger exception for purposes of proceeding IFP. (Doc. 14, at 1-2; Doc. 4, at 2-3.) However, "even if Plaintiff were permitted to proceed IFP, the case [would] be dismissed without prejudice as a sanction for abusing the judicial process." (Doc. 4, at 5.) As such, any reconsideration of the denial to proceed IFP is fruitless since Plaintiff's case was dismissed on other grounds. The Court will therefore focus its attention on whether Plaintiff offers sufficient grounds for reconsideration of its decision to dismiss for lack of candor with the Court.

offers no argument as to why being over the age of sixty, suffering from near-sightedness and high blood pressure, perceived judicial misconduct, and concerns about his sentencing in 1991 should induce the Court to reverse its dismissal of his case as a sanction for lack of candor. See Dunson v. Georgia Dep't of Corr. Health Care Servs., No. 408CV163, 2009 WL 792389, at *2 (S.D. Ga. Mar. 25, 2009) (declining to find extraordinary circumstances under Rule 60(b)(6) when movant "offer[ed] no explanation regarding the Court's basis for the Order at issue."). Plaintiff's motion for reconsideration (Doc. 14) is therefore **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Doc. 14) is **DENIED** and this case stands **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this ___11th___ day of December, 2024.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA